UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DeQauion Keyvon Cook, | ) C/A No. 0:12-1569-JFA-PJG | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| James W. Hancock, Jr., Esquire, | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, DeQauion Keyvon Cook, brings this action pursuant to 42 U.S.C. § 1983. His claims arise solely from his dissatisfaction with the performance of his retained attorney, defendant James W. Hancock, Jr., during the plaintiff's pending state criminal charges.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should summarily dismiss this action. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was enter ed on the docket on July 13, 2012. The plaintiff did not

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In the Report, the Magistrate Judge correctly states that an attorney, whether retained, court-appointed, or a public defender, does not act under "color of state law" when performing traditional functions of counsel for purposes of § 1983 litigation. *See Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16 (1981). To state a cause of action under § 1983, a plaintiff must allege that the individual defendant deprived him of a federal right, and did so under color of state law. Because plaintiff's counsel did not act under of color of state law, plaintiff has failed to set forth a cause of action.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is summarily dismissed.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 16, 2012
Columbia, South Carolina